UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:26-CV-00457-GNS

XUDONG ZHENG                                                                    PETITIONER

v.

MIKE LEWIS, Jailer of Hopkins County Jail;
SAMUEL OLSON, Field Office Director,
Chicago Field Office,
Immigration and Customs Enforcement,
Enforcement and Removal Operations;
DAVID J. VENTURELLA, Acting Director,
U.S. Immigration and Customs Enforcement; and
MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security                                           RESPONDENTS

## ORDER

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus (DN 1).

In April 2023, Petitioner Xudong Zheng ("Zheng"), a native and citizen of the People's Republic of China, entered the United States to request humanitarian protection from religious prosecution in his home country, was issued a Notice to Appear, was released on his own recognizance, and placed in removal proceedings. (Pet. ¶¶ 2-3, 20-21, DN 1; Pet. Ex. 3, at 2-4, DN 1-3; Pet. Ex. 4, at 2-3, DN 1-4). He subsequently filed a Form I-589 application for asylum and for withholding of removal, which is currently pending. (Pet. ¶¶ 6, 5; Pet. Ex. 6, at 2-4, DN 1-6). He has also pursued an employment authorization and obtained a commercial driver's license. (Pet. ¶ 5; Pet. Ex. 5, at 5, DN 1-5; Pet. Ex. 7, at 2, DN 1-7).

On approximately May 20, 2026, Zheng was operating a commercial vehicle in Indiana when he approached a designated weigh station. (Pet ¶ 26). His vehicle was selected for

1

inspection, and he was taken into custody by Immigration and Customs Enforcement ("ICE") officers. (Pet. ¶ 27). He asserts that the ICE officers provided no explanation or documentation to him at the time of detention. (Pet. ¶ 28). After initially being held in Indiana, he is currently detained at the Hopkins County Jail. (Pet. ¶¶ 27, 30).

Zheng filed the Petition for Writ of Habeas Corpus against Respondents: Mike Lewis, Hopkins County Jailer; Samuel Olson, Field Office Director of Enforcement and Removal Operations for the Chicago Field Office of ICE; David Venturella, Acting Director of ICE; and Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"). (Pet. ¶¶ 16-19). In the Petition, he challenges his continued detention and alleges violations of the Immigration and Nationality Act, the Due Process Clause of the Fifth Amendment to the U.S. Constitution, and his fundamental liberty interests. (Pet. ¶¶ 33-56).

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). In seeking habeas relief, Zheng bears the burden of proving by a preponderance of the evidence that his detention is unlawful. *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

The Fifth Amendment's Due Process Clause applies to all persons, including non-citizens, regardless of their immigration status. *See A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025); *see also Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (per curiam) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings."

(internal quotation marks omitted) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action. 'It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection.'" *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (internal citation omitted) (citing *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982)). "'In our society liberty is the norm,' and detention without trial 'is the carefully limited exception.'" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) (citation omitted).

At the outset, it is important to note that it is undisputed that 8 U.S.C. § 1226(a) applies to Zheng. (Pet. ¶ 8; Resp'ts' Resp. Show Cause Order 1-2, DN 10). Therefore, Zheng's prior release on his own his own recognizance would have to have been based on a determination by DHS that he was neither a danger to the community nor a flight risk. *See, e.g.*, *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021) (citing 8 C.F.R. §§ 236.1(c)(8), 1236(c)(8)). The regulations implementing Section 1226(a) permit a noncitizen's release to "be revoked at any time in the discretion of the district director" and other qualifying immigration enforcement officials. 8 C.F.R. § 236.1(c)(9). However, "Due Process still requires that such discretion actually be exercised—i.e., that some determination actually be made." *Tumba v. Francis*, No. 25-CV-8110 (LJL), 2025 WL 3079014, at *7 (S.D.N.Y. Nov. 4, 2025) (citing 8 U.S.C. § 1226(b)).

In their response, Respondents attached a memo purporting to substantiate the revocation of the Order of Release on Recognizance. (Resp't's Resp. Show Cause Order Ex. 2, at 1, DN 10-2). In particular, it states:

> This memo is to document that ICE cancelled the most current Order of Release on Recognizance (Form I-220A) issued to the alien listed above the reasons stated in Form I-213, dated May 21, 2026. This memo has been created because Form I-220A is not immediately available to complete and serves as notice of

3

> cancellation on the date listed below in lieu of completing the cancellation portion of the form itself.

(Resp't's Resp. Show Cause Order Ex. 2, at 12). It is noteworthy that unlike most responses filed in these types of cases, Respondents did not attach the Form I-213. Based on the current record, it is impossible to determine the basis for the revocation and whether Zheng was afforded any due process. There is no evidence in the record that an individualized re-determination was made as to Zheng's risk of flight or dangerousness before he was re-detained or his order of release on recognizance was properly revoked. Therefore, Zheng's detention is unlawful.

Respondents assert that Zheng must exhaust his administrative remedies before seeking habeas relief. Many cases decided by courts within the Sixth Circuit have considered whether a petitioner must exhaust administrative remedies before seeking relief under Section 2241. "The Sixth Circuit has held that due process challenges generally do not require exhaustion because the [Board of Immigration Appeals] cannot review constitutional challenges." *Edahi v. Lewis*, No. 4:25-CV-00129-RGJ, 2025 WL 3466682, at *4 (W.D. Ky. Nov. 27, 2025) (citations omitted). It is proper to "waive exhaustion . . . when administrative processes may be untimely or may lead to unnecessary hardship. This typically occurs when the legal question is ripe for resolution, and any delay would mean unnecessary hardship for the Petitioner." *Id.* (citations omitted); *see also Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000) (citation omitted) (noting that the doctrine of exhaustion may be waived when "the legal question is 'fit' for resolution and delay means hardship"). As noted above, Zheng has been unlawfully detained by Respondents for over two months due to the improper revocation of his order of release on recognizance. Because prolonging his detention any further would be an unnecessary hardship, the Court waives the exhaustion requirement. *See Edahi*, 2025 WL 3466682, at *4.

Based on the record, Zheng has proven a due process violation under the three-part balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976).  The unlawful detention of Zheng implicates his liberty interest to which due process applies and precludes him from challenging his detention creating a high risk of erroneous deprivation of the liberty interest, which can be remedied by providing a bond hearing before a neutral immigration judge.  *See Foucha*, 504 U.S. at 80 (internal citation omitted) (citing *Youngberg*, 457 U.S. at 316); *Günaydin v. Trump*, 784 F. Supp. 3d 1175, 1187 (D. Minn. 2025); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1035-36 (N.D. Cal. 2025).  As this Court has recognized, "a 'routine bond hearing before an [immigration judge]' presents 'minimal' fiscal and administrative burdens, and 'there is an established process for doing so that [the Department of Homeland Security] can readily follow here.'"  *Alonso v. Tindall*, No. 3:25-CV-652-DJH, 2025 WL 3083920, at *9 (W.D. Ky. Nov. 4, 2025) (alterations in original) (quoting *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 493-94 (E.D.N.Y. 2025)).

When individuals have been illegally detained by ICE, courts have ordered their release.  *See Patel v. Tindall*, 810 F. Supp. 3d 824, 834-35 (W.D. Ky. 2025); *Barrera v. Tindall*, No. 3:25-CV-00541-RGJ, 2025 WL 2690565, at *7 (W.D. Ky. Sep. 19, 2025); *see also Roble v. Bondi*, 803 F. Supp. 3d 766, 774 (D. Minn. 2025).  "Habeas has traditionally been a means to secure release from unlawful detention . . . ."  *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020).  Consistent with these norms, Zheng must be released, and if he is arrested and re-detained, he is entitled to a bond hearing on the merits under 8 U.S.C. § 1226 before a neutral immigration judge.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1.      The Petition for Writ of Habeas Corpus (DN 1) is **GRANTED**.  Respondents are directed to release Petitioner Xudong Zheng from custody **IMMEDIATELY**, and, in the event that he is arrested and re-detained, provide him with a bond hearing before a neutral immigration judge in accordance with 8 U.S.C. § 1226(a).  Respondents shall certify compliance with the Court's Order by filing on the docket no later than **5:00 PM CT today**.

2.      Upon receipt of the notice of compliance, the Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
July 29, 2026

cc:      counsel of record